Sohngen, J.
 

 Ensminger was tried and convicted upon a charge set forth in an information in the following language:
 

 “On this seventh day of December A. D. 1946, the undersigned prosecuting attorney of said county, filed in said Common Pleas Court, in the name and by the authority of the state of Ohio, an information that G. R. Ensminger, late of said county, on the fifteenth day of November, in the year of our Lord one thousand nine hundred and forty-six, in the county of Huron aforesaid, did unlawfully, wilfully and knowingly practice medicine in the state of Ohio, in the county of Huron, in this: that he the said G. R. Ensminger did for a fee, to wit, the sum of two ($2) dollars, administer certain treatment for the relief of an infirmity consisting of massage and manipulation to one Raymond H. Christ before obtaining from tile state board of medical examination and registration in the manner required by law, a certificate authorizing him to practice medicine and surgery or any of the branches thereof within this state of Ohio;
 

 “Contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Ohio.”
 

 The evidence disclosed that in November 1946 a person named Raymond Christ called at Ensminger’s home and told him he was suffering pain in his back;
 
 *291
 
 that Ensminger taped Christ’s back, gave him some pills and directed him as to their nse; and that Christ paid Ensminger $2 for the treatment.
 

 During the trial in the Common Pleas Court, the state, over the objection of Ensminger,' introduced evidence that Ensminger had been previously convicted in six separate cases on charges of practicing medicine without first having obtained a licenáe from the State Medical Board. That evidence was offered and admitted pursuant to Section 13444-19, General' Code.
 

 The only question for determination by this court is whether evidence of former convictions of practicing medicine without a license was admissible under Section 13444-19, General Code, which provides:
 

 “In any criminal case where the defendant’s motive, intent, the absence of mistake or accident on his part, or the defendant’s scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or, accident on his part, or the defendant’s scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant.”
 

 Ensminger contends that because the offense of practicing medicine without a license (Section 12694, General Code) is a misdemeanor
 
 malum prohibitum
 
 and not
 
 malum in se,
 
 proof of motive, intent, absence of mistake or accident, scheme, plan or system is not necessary to warrant a conviction; that the state need to prove only the fact, that Ensminger did commit the single act charged in the information; and that the only purpose or effect of such proof was to prejudicial
 
 *292
 
 Iy lead the jury to the conclusion that Ensminger, being guilty of like previous offenses, must be guilty of the offense charged.
 

 The state contends that the evidence of previous convictions was material for two purposes,
 
 i. e.,
 
 (,1) to show the absence of mistake or accident on the part of Ensminger, and (2) to show Ensminger’s scheme, plan or system in doing the act charged; and that evidence of similar acts had a tendency to establish the scheme, plan or system and the absence of mistake or accident in doing the act.
 

 In 12 Ohio Jurisprudence, 349, Section 328, it is stated:
 

 “The General Code provides that, in any criminal case where the defendant’s scheme, plan, or system in doing an act is material, any like act or other act of his which may tend to show his scheme, plan, or system in doing the act in question, may be proved, whether contemporaneous therewith, or prior or subsequent thereto, and notwithstanding that such proof may show, or tend to show, the commission of another or subsequent crime by the defendant. The courts are practically uniform in admitting evidence of this character, as between the defendant and other persons not too remote, as tending to show the system, means, or method of operation, having common characteristics, and all pointing to the guilt of the defendant.”
 

 But Ensminger contends that all he did was to rub Raymond Christ’s back and sell him some pills for $2, and that this was not “practicing medicine” as that term is defined in Section 1286, General Code.
 

 The pertinent part of Section 1286 provides:
 

 “A person shall be regarded as practicing medicine * * * who examines or diagnoses for a fee or compensation of ány kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of
 
 *293
 
 any kind, direct or indirect, a drug or medicine, appliance, application, operation or treatment of whatever nature for the cure or relief of a wound, fracture or bodily injury, infirmity or disease.”
 

 The state, in order to prove Ensminger’s act was the practice of medicine and not a 'mere neighborly act and sale of pills, introduced evidence that he had been convicted of practicing medicine without a license six times within approximately a year and a half immediately prior to his trial in the instant case.
 

 In our opinion such evidence indicated the “motive,” the “intent,” the “scheme, plan or system” and the absence of mistake or accident in doing the act in question, within the meaning of Section 13444-19, General Code, and was admissible for that purpose.
 

 It is our opinion that the Court qf Appeals erred in holding the evidence in question not admissible. The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Stewart, JJ., concur.